## Frank Lindley v. H. H. Hitchings.

1. PLEADING—*In Suits Commenced Before Justices.*—A written plea that the execution of a note was procured by fraud and circumvention is not necessary in a suit commenced before a justice of the peace.

2. INSTRUCTIONS—*Error in One May be Cured by Others.*—An instruction in a suit on a promissory note which tells the jury if they believe from the evidence that some trick or fraud induced the maker to sign a note under the belief that he was signing one with different provisions, and omitting the necessary element that he exercised ordinary care to ascertain its contents before signing, and was not guilty of negligence in that regard, is erroneous; but when the jury are told in other instructions that the exercise of reasonable care on the part of the maker of the note to ascertain its contents is necessary, the error is cured.

Assumpsit, on a promissory note. Trial in the Circuit Court of Montgomery County; the Hon. WILLIAM M. FARMER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

HOWETT & JETT and WILLIAM ABBOT, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was commenced before a justice of the peace upon a promissory note for $45, executed by appellee and assigned to appellant before maturity. Upon appeal to the Circuit Court a trial by jury was had, resulting in a verdict and judgment in favor of appellee.

A plea of *non est factum*, sworn to, was filed, but the issue upon which the case was really tried was that the execution of the note was procured by fraud.

In seeking a reversal of the judgment appellant contends that the only defense presented and tried was that appellee

did not sign the note; that the court erred in allowing appellee in his testimony to detail the facts and circumstances attending the execution of the note after admitting that he signed it; that the court erred in giving instructions for appellee, and that the evidence was not sufficient to support a finding that the execution of the note was procured by fraud and circumvention.

Appellant is in error when he contends that the only defense presented and tried was that appellee did not sign the note. No other defense was presented by written plea; nor was it necessary, the suit having been commenced before a justice of the peace. Appellee testified that the consideration for which he was to pay the $45 mentioned in the note was, that he was to be cured of sciatica; that when the doctor with whom he made the agreement submitted to him a note which did not embody that agreement he refused to sign it; that the doctor then drew up a note which did embody the agreement, which he carefully read and signed, and that he did not to his knowledge sign the note sued on. This testimony was clearly admissible under the defense that the execution of the note was procured by fraud and circumvention. If the testimony of appellee is to be believed, and we see no good reason for disbelieving it, some fraud or artifice was practiced on him that induced him to sign the note under the belief that he was signing a different instrument.

Only one instruction given for appellee is justly subject to criticism—the third, and that for the reason that in telling the jury they should find for the defendant if they believed from the evidence that some trick or fraud induced him to sign the note under the belief that he was signing one with different provisions, it omitted the necessary element that he exercised ordinary care to ascertain its contents and was not guilty of negligence in that regard. But as the jury were repeatedly told in other instructions that the exercise of reasonable care on the part of the maker of the note to ascertain its contents was necessary, we do not think that instruction worked prejudice to appellant. Judgment affirmed.